Compiler

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,                          )
                                             )   **CRIMINAL CASE NO. CM0116-13**
              vs.                            )
                                             )   **DECISION AND ORDER**
WILLIAM GILBERT JOQUIN,                      )
                                             )
              Defendant.                     )
                                             )
_____     )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's objection, filed April 24, 2013. Oral arguments were heard on July 1, 2013. Assistant Attorney General Gabrielle L. Rossi appeared on behalf of the Government and Attorney Howard Trapp represented Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with driving under the influence of alcohol in violation of 16 GCA § 18102 (a) and (b). On April 24, 2013, Defendant filed an objection to the admission of breath test evidence on the basis of his construction of 16 GCA §§ 18101(a), 18102(a) and (b), and 18103(a)(2) and (b). Defendant makes the following arguments: 1) blood alcohol content is not a relevant element of driving under the influence in violation of 16 GCA § 18102(a); 2) blood alcohol content can only be used to establish the presumption of influence and the influence of alcohol is not a relevant element of driving under the influence in violation of 16 GCA § 18102(b); and 3) the definition of driving under the influence of alcohol cannot include blood alcohol levels because that would render 16 GCA § 18102(b) superfluous.

The Government responds that: 1) the influence of alcohol is defined by a level of physical impairment that includes the level of blood alcohol content; and 2) a legal level of blood alcohol content can also be used with other evidence to establish an illegal level of physical impairment because the body can "burn off" or metabolize alcohol before a blood alcohol content test is conducted.

## DISCUSSION

Under Guam law, statutes are interpreted according to a plain reading construction unless the statutory text is ambiguous or results in absurd or unworkable consequences. *See Guam Resorts, Inc. v. G.C. Corporation*, 2012 Guam 13 ¶ 7 (citing multiple authorities). *See also People v. Lau*, 2007 Guam 4 ¶¶ 11-14.

Guam law defines driving under the influence as follows:

> Driving under the influence ("DUI") or while intoxicated means any person driving a vehicle under the influence of an alcoholic beverage or a controlled substance or a combination thereof, when as a result of consuming such alcoholic beverage or controlled substance or the combination thereof, his or her physical or mental abilities are impaired to such a degree that he or she no longer has the ability to drive a vehicle with the caution characteristics of a sober person of ordinary prudence, under the same or similar circumstance, and includes any person operating or in actual physical control of a motor vehicle who has eight one-hundredths of one percent (0.08%) or more, by weight, of alcohol in his or her blood.

16 GCA § 18101(a) (emphasis omitted).

In this case, Defendant is charged with violating the following statutes,

> It is unlawful for any person, while under the influence of an alcoholic beverage or any controlled substance, or under the combined influence of an alcoholic beverage and any controlled substance, to operate or be in physical control of a motor vehicle.

16 GCA § 18102(a).

> It is unlawful for any person, while having eight one-hundredths of one percent (0.08%) or more, by weight, of alcohol in his or her blood to operate or be in physical control of a motor vehicle.

16 GCA § 18102(b).

Defendant argues that blood alcohol content is irrelevant to both of these offenses because: 1) the blood alcohol evidence can only be used to establish a presumption of influence; and 2) the definition of driving under the influence does not include blood alcohol evidence. To support this construction, Defendant argues that the following language:

> "[W]hile under the influence of an alcoholic beverage in violation of subsections (b) or (d) of § 18102 of this Chapter,"

and,

"Before such presumptions are made in cases involving a breath test," and,

"[A]ny other competent evidence,"

from 16 GCA § 18103 indicates that breath test evidence is only relevant or admissible to establish a presumption of influence pursuant to Section 18103 and nothing more.

The Court cannot reasonably adopt Defendant's statutory construction. First, a plain reading of the definition of driving under the influence reveals no ambiguous language or absurdity. Driving under the influence is defined as a level of physical impairment that includes any vehicle operator with eight one-hundredths of one percent (0.08%) or more, by weight, of alcohol in his or her blood. 16 GCA § 18101(a).

Second, a plain reading construction of the definition of driving under the influence does not create ambiguity or absurdity when it is read in conjunction with the related statutes charged in this case. *See Guam Resorts*, 2012 Guam 13 at ¶ 7 ("a statute must be examined within its *context*, which includes looking at other provisions of the same statute and other related statutes") (emphasis in original) (*quoting Macris v. Guam Mem'l Hosp. Auth.*, 2008 Guam 6 ¶ 19). Blood alcohol content is relevant to the elements of 16 GCA § 18102(a) because a driver under influence of alcohol includes any driver with eight one-hundredths of one percent (0.08%) or more, by weight, of alcohol in his or her blood. *See* 16 GCA § 18101(a). Blood alcohol content is also clearly relevant to the blood alcohol element of 16 GCA § 18102(b).

Third, a plain reading construction of the aforementioned statutes does not create ambiguity or absurdity when read in conjunction with the related presumption statute at 16 GCA § 18103. A legal level of blood alcohol content "may be considered with other competent evidence in determining whether the person was under the influence of an alcoholic beverage at the time of the alleged offense." 16 GCA § 18103(a)(1). An illegal level of blood alcohol content establishes the presumption of influence so long as the testing methods are reliable, and this presumption does not preclude other competent evidence of the influence of alcohol. 16 GCA § 18103(a)(2) and (b). A plain reading construction of these aforementioned statutes suggests that a presumption of influence under Section 18103 is relevant and admissible to establish the elements of driving under the influence in violation of 16 GCA § 18102(a) and (b).

When read as a whole, these statutes do not create the absurd result that the evidence of blood alcohol content is not relevant to the offense of driving under the influence of alcohol. This would be an illogical reading of the statutes that subverts their entire purpose, and one which this Court cannot reasonably adopt. For this reason, Defendant's objection to the admission of breath test evidence shall be denied.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant's objection to the admission of breath test evidence is hereby DENIED.

**SO ORDERED** this _12TH_ day of August, 2013.

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing, is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

AUG 13 2013

James R. Borja
Deputy Clerk, Superior Court of Guam